No. 139

No. 17931—Grace McGee v. Anthony Sigmund. Error to the Court of Appeals of Highland County.

ROBINSON, J.

615. HUSBAND AND WIFE—Such consorts can, under 799 GC. contract with each other, but not with reference to certain hope of inheritance. 7 OS. 432 followed.

Section 7999, General Code, does not confer upon husband or wife any greater power to contract with each other than persons other than husband and wife possess. A husband or a wife is not thereby empowered to contract with the other with reference to a hope or expectancy of inheritance, which is neither vested nor contingent. (Needles v. Needles, 7 OS. 432, approved and followed.)

Judgment affirmed.

Jones, Matthias and Day, JJ., concur. Marshall, C. J., Wanamaker and Allen, JJ., dissent.

No. 140

No. 17994—Theodore Makranczy v. M. H. Galfand, Admr. Error to the Court of Appeals of Cuyahoga county.

Day, J.

465. ERROR PROCEEDINGS — Proceedings of lower court deemed correct and authorized unless record negatives the fact.

Order to vacate a judgment rendered at a former term under 11361 GC. is a final order, and 70 day limitation period for reversal applies.

Overruling motion to strike irrelevant matter out of petition, no ground for reversal, unless error appears to have resulted.

Giving limited special instructions at plaintiff's request before argument, when general charge fully covers the case, not prejudicially erroneous.

1. The proceedings of a lower court are deemed correct unless error affirmatively appears on the face of the record. Evidence to authorize the judgment will be presumed to have been received unless the record necessarily negatives it.

2. An order of vacation of a judgment rendered at a prior term, by virtue of Section 11631, General Code, is a final order, and a proceeding to reverse such final order must be commenced within 70 days after the entry of the final order complained of.

3. The overruling of a motion to strike out of a petition alleged irrelevant matter will not be ground of reversal unless prejudicial error appears to have resulted therefrom.

4. Where a record discloses instructions before argument, given at plaintiff's request, which are a correct statement of the law from plaintiff's standpoint, but do not cover every branch and feature of the case, including effect of affirmative defenses, but such affirmative defenses are fully covered in the general charge, the giving of such special instructions before argument is not prejudicially erroneous.

Judgment affirmed.

Wanamaker, Jones, Matthias and Allen, JJ., concur.